# EXHIBIT B

# EXHIBIT B

# Fox Swibel
Fox Swibel Levin & Carroll LLP
200 W. Madison Street, Suite 3000
Chicago, Illinois 60606

DAVID E. KOROPP
DIRECT DIAL: (312) 224-1235  Email: dkoropp@foxswibel.com

April 5, 2023

*Via Email and FedEx Overnight Delivery*

Thomas J. Handler
Handler Thayer, LLP
191 N. Wacker Drive
Suite 2300
Chicago, IL  60606-1633

*Re: The Giving Back Fund*

Dear Mr. Handler,

Thank you for taking my call today.  As we discussed, this firm represents The Giving Back Fund ("GBF").  You informed me that you are aware of the February 9, 2023 cease-and-desist letter received by your firm confirming the termination of Handler Thayer, LLP ("Handler Thayer") as counsel for GBF.

It has come to our attention that Handler Thayer, and specifically partner Andrew Morton, has been engaged in a series of acts that violate his and Handler Thayer's professional and fiduciary duties to GBF.  Among those acts appear to be sharing the cease-and-desist letter with journalists and discussing the facts and circumstances surrounding Handler Thayer's termination with journalists without GBF's knowledge or consent.

I have attached two texts a GBF board member recently received from a reporter with Sportico.  It is obvious from the texts that: (1) the cease-and-desist letter has been shared with him without GBF's knowledge or consent; and (2) the reporter is being fed questions to ask the GBF board member that go directly to the heart of the attorney/client relationship between GBF and Handler Thayer.  We have no reason to doubt this confidential information came from Handler Thayer partner Andrew Morton.

You may be asking yourself, why would Mr. Morton engage in obviously unethical conduct damaging to a former client of Handler Thayer?  To help answer that question, I also attach an email Handler Thayer, through its partner Mr. Morton, recently sent to the President and CEO of GBF, Marc Pollick.  This email arises out of a situation in which Handler Thayer breached its professional obligations to GBF by representing a client directly adverse to GBF without GBF's consent.  Handler Thayer communicated its motivation for this breach of its ethical obligations, through its partner Andrew Morton, as follows:

April 5, 2023
Page 2

> Marc, let's please avoid a reference as utterly and offensively comical as mentioning that no good deeds go unpunished when the audience in question provided literally hundreds of hours of loyal and tireless service over the course of the past decade – ***unfortunately for both GBF and you personally, the punishment in return has only just begun.***
>
> ***So in the event that somehow you were under the misguided impression I'm one to find himself brazenly thrown under the bus and quietly remain there without making use of every asset at my disposal in response, you are soon to be sorely and severely disappointed.***
>
> I'd suggest you should have exercised better judgment before making knowingly deceitful statements and lobbing egregious allegations at my expense in a cowardly attempt to protect yourself, however as we're all aware that's beyond your capacity.

Handler Thayer's threat to punish both Mr. Pollick personally, and GBF as an organization is frankly shocking and an obvious violation of its professional duties and obligations.

Worse yet, the email was not a mere empty threat. GBF has now become aware of multiple instances of Handler Thayer, through its partner Andrew Morton, actively working to "punish" both GBF and Marc Pollick. This conduct must stop immediately.

As you are aware, Rule 1.9 of the Illinois Rules of Professional Responsibility sets forth an attorney's duties to his former clients. For the purposes of this letter, Rule 1.9(c) is most pertinent: "A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:

> (1) **<u>use information relating to the representation to the disadvantage of the former client</u>** except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
>
> (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

We will be sending you a more fulsome explanation of additional acts of misconduct that have occurred over the last several weeks, but the purpose of this email is to obtain from Handler Thayer written confirmation of the following **<u>by no later than close of business tomorrow, April 6, 2023</u>**:

> (1) Handler Thayer, including Andrew Morton, will have no further contact with the media, including journalists from the Arizona Republic, USA Today, Sportico, or any other news outlet about GBF, including its numerous foundation clients, regarding the existence, nature or details of the cease-and-desist letter, the reasons behind GBF's termination of Handler Thayer as counsel for GBF, or regarding any information obtained from GBF during the course of Handler Thayer's representation;

April 5, 2023
Page 3

    (2) Handler Thayer, including Andrew Morton, will have no further direct communications with GBF, including its board members – such communications can be directed to me at Fox Swibel;

    (3) Handler Thayer will not share any information it received during its relationship with GBF with any current, former or prospective foundation clients of GBF and will not engage in any conduct adverse to GBF's interests, including using information it obtained from its representation of GBF to persuade foundations to partner with competing organizations of GBF;

    (4) Handler Thayer will return to GBF any and all materials obtained from GBF during the course of its representation of GBF;

    (5) Handler Thayer will issue an immediate document retention notice to all Handler Thayer personnel directing them to retain all documents, emails, texts, and other information related in any way to GBF or any of its foundation clients; and

    (6) Handler Thayer will notify its malpractice carrier of the issues included in this letter.

Finally, I received a voice message from Andrew Morton. I can only assume you did not authorize this communication. As a courtesy to you and Handler Thayer, I declined to speak to Mr. Morton without his having the benefit of assistance from counsel. Please inform Mr. Morton to have no further direct contact with me or any members of my firm.

Based on your excellent reputation in the community, and given the nature of your client-base, I am confident that regardless of whatever the rules of professional conduct may require, you and your partners value discretion and treat client relationships with the utmost confidentiality.

We would like to handle this matter discretely and outside the public eye as I suspect would Handler Thayer.

I am available to discuss this matter at your convenience. If Handler Thayer is unwilling to comply with the requests above, please let me know that as well so that Handler Thayer's former client, GBF, may take all reasonable and necessary steps to immediately protect its rights and interests.

    Sincerely,

    David E. Koropp

Cc:    L. Brandon Liss